JERRY D. THOMPSON, ET AL., [1] Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent Thompson v. Commissioner
Docket Nos. 6191-84; 46843-86; 48350-86.
United States Tax Court
T.C. Memo 1989-303; 1989 Tax Ct. Memo LEXIS 302; 57 T.C.M. (CCH) 783; T.C.M. (RIA) 89303; June 21, 1989. *302 Kenneth G. Anderson, for the petitioner in docket No. 6191-84. Keith H. Johnson and James D. O'Donnell, for the petitioners in docket Nos. 46843-86 and 48350-86. Avery B. Cousins III, for the respondent. PARKER
MEMORANDUM OPINION PARKER, Judge: This case is before the Court on the motion of petitioner St. Augustine Trawlers, Inc. and petitioners Velton J. O'Neal and Pearl W. O'Neal for leave to file motion for reconsideration out of time, filed May 24, 1989. There was also "lodged" with the Court at the same time a motion for reconsideration, together with an affidavit. On March 16, 1989, the Court issued its opinion in this consolidated fraud case. Thompson v. Commissioner,92 T.C. 486 (1989). In that opinion the Court held that there had been a violation of the Court's exclusion order under Rule 145, Tax Court Rules of Practice and Procedure, and that consequently a prospective witness, one Mr. Fred Kent, would not be permitted to testify at the upcoming trial session. The Court found that counsel for petitioner St. Augustine Trawlers, Inc. and petitioners Velton J. O'Neal and Pearl W. O'Neal had violated the Court's *303 exclusion or sequestration order by furnishing Mr. Kent with several volumes of testimony of witnesses who had already testified in an earlier session of the trial. Mr. Kent is an attorney who represents petitioner St. Augustine Trawlers, Inc. (hereinafter "Trawlers"), which is a corporation wholly owned by petitioner Velton J. O'Neal, in another lawsuit in the Federal District Court in Boston, Massachusetts. Mr. Kent had requested for use in that District Court litigation the testimony of four witnesses. He was furnished several volumes of the transcript containing the testimony of those four individuals and of other witnesses. After the Court ruled that Mr. Kent would not be permitted to testify, the Court's written opinion and the Court's order pursuant thereto were served on all of the parties on March 16 and March 17, 1989, respectively. Even before those dates, in view of the then imminent date for the continuation of the trial, the Court had, in an earlier telephone conference call, advised the parties of the ruling that Mr. Kent would not be permitted to testify. The further and final trial session in this consolidated fraud case was held in Washington, D.C. on March 20, 1989. *304 The following day the Court issued an order closing the evidentiary record and setting the briefing schedule for the parties. The parties' simultaneous opening briefs are presently due to be filed on or before July 21, 1989. On May 24, 1989, 69 days after the Court's opinion on the violation of its sequestration order was filed, the present motion for leave to file motion for reconsideration out of time was filed. Both petitioner Thompson and respondent object to that motion. In the motion for reconsideration that was "lodged," petitioners seek oral argument in Florida on their motion (unless the motion for reconsideration is to be granted) and the reopening of the record and a further trial session to permit Mr. Kent to testify. Rule 161, Tax Court Rules of Practice and Procedure, provides that a motion for reconsideration shall be filed within 30 days after a written opinion has been served "unless the Court shall otherwise permit." [2] The granting of a motion for reconsideration rests within the discretion of the Court and will not be granted unless unusual circumstances or substantial *305 error is shown. Vaughn v. Commissioner,87 T.C. 164, 166-167 (1986). A fortiori the granting of a motion for leave to file a motion for reconsideration out of time rests within the discretion of the Court. In support of their motion for leave to file out of time, petitioners O'Neal and Trawlers state as their basis that their counsel in this case "recently learned" that "because of the opposition by the Petitioner Jerry Thompson and Respondent, and a change in trial strategy for the Federal District Court case," Mr. Kent had only read the testimony of two of the four witnesses whose testimony he had requested. Petitioners further argue that *306 the "only Tax Court testimony he did read was that of two relatively unimportant witnesses [for the purposes of the Tax Court trial] named John Thompson and Ida Wheeler." We think these contentions do not provide a basis for reconsideration of our opinion, or for granting a motion for leave to file a motion for reconsideration out of time. The Court granted the Rule 145 exclusion order at the beginning of the first trial session in Florida. The Court gave explicit instructions to counsel. Some of those instructions were again given at the end of the Florida trial session, directed specifically to counsel for petitioners O'Neal and Trawlers and in specific regard to the prospective witness, Mr. Kent who was to testify later. Nonetheless, the Court's order was violated. Petitioners O'Neal and Trawlers now seem to suggest that compliance with or enforcement of this Court's orders should be made to depend on happenstance and/or the forbearance or goodwill of the prospective witness. Mr. Kent is not subject to any order of this Court. Mr. Kent was never even served with a subpoena to testify in this case. This Court has never had any jurisdiction over him and could not order him *307 to do or refrain from doing anything with regard to the trial transcripts put into his possession by counsel for petitioners O'Neal and Trawlers. See 92 T.C. at p. 492 n.3. That Mr. Kent may have refrained from reading the testimony of the other witnesses because he learned of the objection of petitioner Thompson and respondent does not change the fact that the Court's order was violated. The happenstance that he did not read the testimony of the other witnesses because he changed his trial strategy in the Federal District Court case also does not change the fact that the Court's order was violated. Enforcement of this Court's orders must be within the control of this Court. Compliance with this Court's orders vel non cannot depend upon the vagaries of felicitous happenstance, mere chance, or the goodwill or forbearance of a prospective witness. More importantly, aside from the fact that Mr. Kent did not read all of the testimony that counsel for petitioners O'Neal and Trawlers gave to him, he did read all of the testimony of two witnesses, a clear violation of the sequestration order. The problem of vindicating the Court's authority, protecting the record, and *308 carrying out the purpose of Rule 145 remains. Petitioners O'Neal and Trawlers try to minimize the importance of the two witnesses whose testimony Mr. Kent read. The Court disagrees. As the Court noted in its March 16, 1989 opinion, the three taxpayers, in this consolidated fraud case, put on almost their entire cases through wide-ranging and extremely comprehensive cross-examination of every witness. The Court further pointed out that "because of the extremely wide-ranging cross-examination of all of the witnesses by all of the counsel in this consolidated case, reading the full testimony of any of the witnesses would, in the Court's opinion, be entirely too revealing." 92 T.C. at 497. We think this is particularly true when the person reading that testimony is an experienced attorney who was involved in the events of the case. For the above reasons, we will not grant the motion for leave to file motion for reconsideration out of time. Moreover, we have reviewed the motion for reconsideration and Mr. Kent's affidavit attached thereto, that were "lodged" with the Court. We would not grant that motion for reconsideration in any event. That motion and the affidavit *309 merely embroider upon the themes discussed above or elaborate upon arguments that were considered and rejected in the Court's March 16, 1989 opinion. The core issue in this fraud case is one of credibility -- the credibility of petitioner Velton J. O'Neal as opposed to that of petitioner Jerry Thompson; a similar credibility issue exists in the Federal District Court case being handled by Mr. Kent. In the Federal District Court case, O'Neal and Trawlers are arguing that they did not know anything about the double contracts and that only Thompson was responsible and knew about them; in the Tax Court they make the same argument, only in regard to the unreported cash payments. In both cases, O'Neal and Thompson are trying to prove the other one is a liar. It is in that context that petitioners O'Neal and Trawlers want Mr. Kent to testify to bolster O'Neal's version of the facts. Petitioners O'Neal and Trawlers brush off petitioner Thompson's concern that Mr. Kent's review of other witnesses' testimony might allow him to tailor or alter his testimony. They say his argument lacks merit because of Mr. Kent's outstanding reputation in the community and his professional status as an *310 attorney." [3] Petitioner Thompson is entitled to rely on this Court's exclusion order to protect the record and should not be asked to accept as a substitute the prospective witness' reputation, whatever it may be. Mr. Kent is a lawyer, in fact the corporate counsel representing O'Neal's wholly owned corporation, Trawlers, in another lawsuit that raises the same type of credibility issues. Mr. Kent precipitated the Rule 145 exclusion order problem by asking for the transcript of testimony of witnesses who had already testified in a case in which he himself expected to be called as a witness. Counsel for petitioners O'Neal and Trawlers violated the Court's order and gave him the transcripts. Now the Court, petitioner Thompson, and respondent are told the equivalent of "Not to worry!", "Trust me!" because of Mr. Kent's "outstanding reputation" and the fact that he is a lawyer. The Court concludes that is inadequate to protect the record in this hotly contested fraud case. *311 Petitioners O'Neal and Trawlers also make a point that Mr. Kent "only reviewed testimony made available to him before the violation of the sequestration rule was noted." (Emphasis in original.) We trust counsel for O'Neal and Trawlers are not seriously suggesting they can violate this Court's orders with impunity unless or until counsel for respondent or counsel for another party point out the violation to them. This argument apparently resurrects the contention that it never occurred to counsel for O'Neal and Trawlers that giving the transcript of the testimony of witnesses to a prospective witness violated the Rule 145 exclusion order. In view of the instructions given to them at the end of the Florida trial session, specifically in regard to Mr. Kent, we find this contention inherently incredible. See 92 T.C. at 497 n.7. [4] We consider the first instance of giving transcripts of testimony to Mr. Kent to be a willful and intentional violation of the Court's Rule 145 exclusion order, although admittedly not quite so blatant and totally inexplicable as the second instance after they had been warned by opposing counsel. Thus, even if we permitted the filing of *312 the motion for reconsideration out of time, we would deny that motion. An appropriate order will be issued.
Footnotes
1. This case has been consolidated with the cases of St. Augustine Trawlers, Inc., docket No. 46843-86 and Velton J. O'Neal and Pearl W. O'Neal, docket No. 48350-86.↩
2. Rule 161, Tax Court Rules of Practice and Procedure, provides that: Any motion for reconsideration of an opinion or findings of fact, with or without a new or further trial, shall be filed within 30 days after a written opinion or the pages of the transcript that contain findings of fact or opinion stated orally pursuant to Rule 152↩ (or a written summary thereof) have been served, unless the Court shall otherwise permit.
3. Petitioners O'Neal and Trawlers go on to say that "This Court appeared persuaded by this argument, particularly concerning the testimony of Virginia Weatherly." The Court simply does not understand this statement. This Court has never suggested that its Rule 145 exclusion orders do not apply to prospective witnesses who have good reputations or that Rule 145↩ exclusion orders apply only to prospective witnesses who have bad reputations.
4. There are two attorneys representing petitioners O'Neal and Trawlers in this case. The Court does not know for a certainty which one or whether one or both of them actually violated the Rule 145 exclusion order. In the March 16, 1989 opinion, where the Court discussed a willful action sufficient to support a sanction of a contempt of Court (92 T.C. at 497↩ n.7), the Court referred to counsel in the singular. The Court chose some slight ambiguity to avoid unnecessary embarrassment to counsel. Also in that published opinion, the Court chose to articulate its reaction to counsel's contention in a somewhat restrained fashion, i.e., astonishment rather than sheer incredulity.